FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 AUG -7 AM 9: 27



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,      )
             )   DIVISION ONE
     Respondent,    )
             )   No. 75293-6-I
    v.         )
             )   UNPUBLISHED OPINION
             )
MARCHE T. NASH,      )
             )
     Appellant.     )   FILED: August 7, 2017
_____ )

DWYER, J. — Marche Nash was charged and convicted of attempted burglary in the second degree. On appeal, Nash contends that the trial court violated his right to a fair trial by issuing jury instructions that did not explicitly instruct the jury to deliberate together "at all times." Nash avers that the trial court thus failed to guarantee to him a unanimous jury verdict as required by the Washington Constitution. WASH. CONST. art. I, § 21. We disagree and affirm.

I

Nash contends that jury instructions 2[1] and 14[2] – verbatim versions of WPIC 1.04[3] and WPIC 151.00[4] – violated his right to a fair trial and a unanimous verdict. This is so, he asserts, because the jury instructions did not explicitly state that the jury must deliberate with each member present "at all times."

We generally do not consider issues raised for the first time on appeal. State v. Kirkman, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007). However, claims that concern manifest errors affecting a constitutional right may be entertained by the appellate court on appeal. State v. Gordon, 172 Wn.2d 671, 676, 260 P.3d 884 (2011). "The defendant must identify a constitutional error and show how the alleged error actually affect the defendant's rights at trial. It is this showing of actual prejudice that makes the error 'manifest,' allowing appellate review." Kirkman, 159 Wn.2d at 926-27.

Nash explicitly stated, "No objection," to instruction 2 and instruction 14 when the trial court asked whether Nash had any objections to the proposed

---

[1] Instruction 2: "As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and to change your opinion based upon further review of the evidence and these instructions. You should not, however, surrender your honest belief about the value or significance of evidence solely because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of reaching a verdict."

[2] Relevant parts of instruction 14: "When you begin deliberating, you should first select a presiding juror. The presiding juror's duty is to see that you discuss the issues in this case in an orderly and reasonable manner, that you discuss each issue submitted for your decision fully and fairly, and that each one of you has a chance to be heard on every question before you. . . . Because this is a criminal case, each of you must agree for you to return a verdict. When all of you have so agreed, fill in the verdict form(s) to express your decision."

[3] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 1.04 (4th ed. 2016).

[4] 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 151.00 (4th ed. 2016).

instructions. Thus, Nash failed to preserve his right to appellate review of his present claim. Furthermore, Nash does not demonstrate from the record that his jury ever deliberated without all jurors being present. Given this, the alleged error is not manifest. These determinations necessarily end our inquiry.

II

Nash requests that no costs associated with his appeal be assessed against him, as the trial court found him indigent. Pursuant to RAP 14.2, we may exercise our discretion not to impose appellate costs. State v. Sinclair, 192 Wn. App. 380, 393, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016). The State does not contest his claim. Accordingly, we exercise our discretion and will not impose appellate costs against Nash.

Affirmed.

We concur.

Spearman, J.

Dwyer, J.

Cox, J.